**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TIAIRRA HOGAN,

                Plaintiff,

      v.

CHILDRENS GUILD ALLIANCE,

                Defendant.

Case No. 24-cv-3057 (JMC)

## MEMORANDUM OPINION AND ORDER

Tiairra Hogan filed this case alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. *See* ECF 2-2 at 8–9. The Defendant filed a motion to dismiss and, because Hogan is proceeding pro se, the Court issued a *Fox* order directing Hogan to respond. *See* ECF 4; ECF 5. When Hogan filed her response, she asked the Court to grant her leave "to amend [her] complaint." ECF 8 at 1. The Court **GRANTS** that request.[1]

Hogan did not file her request for leave to amend within 21 days of service of the motion to dismiss and therefore cannot amend as of right. *See* Fed. R. Civ. P. 15(a)(1)(B); ECF 4; ECF 7. But courts "should freely give leave" to amend "when justice so requires," and it so requires here. Fed. R. Civ. P. 15(a)(2). The case for granting Hogan leave to amend is particularly strong for two reasons. First, Hogan is proceeding pro se and seeks leave to amend based on her misunderstanding of what needed to be included in the complaint. *See* ECF 8 at 1. "[A]n added measure of leniency is extended to *pro se* litigants with regards to procedural requirements." *Briscoe v. Costco*

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

*Wholesale Corp.*, 61 F. Supp. 3d 78, 92 (D.D.C. 2014). Second, the Defendant did not respond to Hogan's request for leave to amend. Because "the absence of a response" is a "basis for treating" Hogan's request "as conceded," the Court has little concern about any risk of unfair prejudice to the Defendant. *Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015); *see Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (discussing need to consider "undue prejudice to the opposing party" when ruling on a motion to amend).

Because the Court grants Hogan's request for leave to amend, it **DENIES** the Defendant's motion to dismiss as moot. *See Gray v. D.C. Pub. Schs.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) ("When a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot."). Hogan is **ORDERED** to file an amended complaint by May 4, 2026.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 19, 2026

2